IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00949-PAB-GPG

RIFLE REMEDIES, LLC, a Colorado Limited Liability Company, et al.,

      Plaintiffs,

v.

THE INTERNAL REVENUE SERVICE,

      Defendant.

_____

**ORDER**
_____

      This matter is before the Court on the Motion for Summary Judgment by the Internal Revenue Service [Docket No. 61].  Plaintiffs filed a response in opposition to the motion for summary judgment and a Rule 56(d) motion for discovery.  Docket No. 62.  The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

**I.  BACKGROUND**[1]

      This action arises out of plaintiffs' requests for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*  On January 31, 2018, plaintiffs submitted seven FOIA requests to the Internal Revenue Service ("IRS").  Docket No. 61 at 4, ¶ 1.  On February 27, 2018, plaintiffs submitted an additional six requests.  *Id.,* ¶ 2.  Generally, the requests sought (a) "administrative file" records generated in the IRS's income tax audit of plaintiffs, and (b) "policy documents" or guidance related to the IRS's administration and enforcement of Internal Revenue Code § 280E and its

_____

[1]The facts stated below are undisputed unless otherwise noted.

examination of marijuana vendors in states where marijuana sales are legal.[2]  *Id., ¶* 3.

Section 280E disallows tax deductions for expenses in carrying on a trade or business if

the trade or business traffics in controlled substances.  26 U.S.C. § 280E.

The IRS states that, of 2,670 pages of responsive documents, 2,572 were

released in full, 65 were released in part, and 78 were withheld in full.  Docket No. 61 at

11, ¶ 49.  The IRS provided indices identifying the withheld documents, the applicable

exemption, and a description of the documents.  *Id.*, ¶ 50.  The IRS justified its

withholding of records under FOIA Exemptions 3, 5, 6, 7(A), 7(C), and 7(E).  *Id.* at 11-

12, ¶ 54.

On April 23, 2018, plaintiffs brought suit against the IRS for alleged violations of

FOIA through a failure to respond to plaintiffs' requests within the statutory time limit.

Docket No. 1 at 10.  Plaintiffs ask the Court to compel the IRS to conduct an adequate

search and to enjoin the IRS from improperly withholding any responsive documents.

*Id.*  On April 1, 2020, defendant filed a motion for summary judgment.  Docket No. 61.

On May 15, 2020, plaintiffs filed a response opposing summary judgment and seeking

---

[2] Plaintiffs deny this description of the requests "to the extent that the requests were broad and contained in FOIA requests."  Docket No. 62 at 6, ¶ 3.  The Court is unclear what plaintiffs mean by this.  Plaintiffs reference a compilation of the FOIA requests, which all sought "[t]he Examination Division Administrative File for the audit of Taxpayer" and, *inter alia*, "[a]ny and all written training materials used for training of any and all IRS personnel . . . which in any way deal with the application of the Controlled Substances Act 21 U.S.C. §841, and/or the administration of 26 U.S.C. §280E."  *See* Docket No. 62-2 at 1-2, ¶¶ 1, 5.  The requests additionally sought "[a]ll written policy statements or other documents stating policy of the Internal Revenue Service regarding the administration of  26 U.S.C. §280E which have not been previously published in the Code of Federal Regulations."  *Id.* at 2, ¶ 8.  Plaintiffs later admit that they sought "administrative file" materials and "policy documents."  Docket No. 62 at 7-8 ¶¶ 15, 24.  This fact is thus deemed admitted.

discovery under Fed. R. Civ. P. 56(d).  Docket No. 62.

## II.  LEGAL STANDARD

FOIA was passed in 1966 "to provide a public right of access, enforceable in federal court, to agency records."  *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1225 (10th Cir. 2007).  To achieve this purpose, FOIA confers on federal courts jurisdiction to review *de novo* an agency's withholding of records and to "order the production of any agency records improperly withheld."  5 U.S.C. § 552(a)(4)(B).  Although an agency must generally produce records responsive to a FOIA request, "Congress recognized that disclosure of certain classes of documents could harm legitimate government interests."  *Trentadue*, 501 F.3d at 1225-26.  Accordingly, FOIA contains nine specific exemptions allowing agencies to withhold otherwise responsive documents.  *See id.* at 1226 (citing 5 U.S.C. § 552(b)).

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986).  "In general, FOIA request cases are resolved on summary judgment."  *World Publ'g Co. v. U.S. Dep't of Justice*, 672 F.3d 825, 832 (10th Cir. 2012); *Judicial Watch, Inc. v. U.S. Dep't of Housing & Urban Dev.*, 20 F. Supp. 3d 247, 253 (D.D.C. 2014) ("FOIA cases typically and appropriately are decided on motions for summary judgment." (internal quotation marks omitted)).  An agency is entitled to summary judgment if it shows that "it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn

from them are construed in the light most favorable to the FOIA requester." *Id.* (internal quotation marks omitted); *see also Rocky Mountain Wild, Inc. v. U.S. Forest Serv.*, 138 F. Supp. 3d 1216, 1220 (D. Colo. 2015) ("A FOIA defendant may prevail on a motion for summary judgment if it proves that the documents within the FOIA request have been produced or fall within a statutory exemption."). To prevail on summary judgment, the defending agency has the burden of showing that its search was adequate and that any withheld documents are within a FOIA exemption. *Whitson v. U.S. Forest Serv.*, 253 F. Supp. 3d 1133, 1139 (D. Colo. 2017).

"[A] FOIA requester may challenge the adequacy of the agency's search for responsive records, the adequacy of the agency's application of FOIA exemptions to his or her request, or both." *Rodriguez v. Dep't of Defense*, 236 F. Supp. 3d 26, 34 (D.D.C. 2017) (internal quotation marks omitted). A court's review of an agency's decision to withhold records is guided by two principles: first, "FOIA is to be broadly construed in favor of disclosure"; second, FOIA's "exemptions are to be narrowly circumscribed." *Trentadue*, 501 F.3d at 1226. "The federal agency resisting disclosure bears the burden of justifying withholding." *Id.*

## III.  ANALYSIS

In this lawsuit, plaintiffs challenge both the adequacy of the government's search for records and the application of Exemptions 3, 5, 7(A), 7(C), and 7(E) to justify the withholding of information responsive to plaintiffs' FOIA requests. *See* Docket No. 62 at 22, 26.

## A.  Adequacy of Search

Plaintiffs argue that the government's search for records was inadequate. Docket No. 62 at 22.  Under FOIA, an agency's search for records must "be reasonable in scope and intensity."  *Trentadue v. Fed. Bureau of Investigation*, 572 F.3d 794, 797 (10th Cir. 2009).  "[T]he focal point of the judicial inquiry is the agency's search process, not the outcome of its search."  *Id.* at 797.  Whether an agency's search was reasonable turns on the "circumstances of the case" and "the likelihood that [the search] will yield the sought-after information, the existence of readily available alternatives, and the burden of employing those alternatives."  *Id.* at 797-98.

While an agency need not prove that it "search[ed] every record system" or that "no other potentially responsive documents might exist," *Rocky Mountain Wild*, 138 F. Supp. 3d at 1221, the agency must demonstrate that "it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  *Reporters Comm. for Freedom of Press v. Fed. Bureau of Investigation*, 877 F.3d 399, 402 (D.C. Cir. 2017).  To satisfy this burden, an agency may rely on affidavits or declarations from agency officials that "are relatively detailed, nonconclusory, and submitted in good faith."  *Info. Network For Responsible Mining (Inform) v. Bureau of Land Mgmt.*, 611 F. Supp. 2d 1178, 1184 (D. Colo. 2009) (quoting *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985)). In other words, the affidavits or declarations must generally "set[] forth the search terms and the type of search performed, and aver[] that all files likely to contain responsive materials (if such records exist) were searched so as to give the requesting party an

opportunity to challenge the adequacy of the search." *Al-Turki v. Dep't of Justice*, 175 F. Supp. 3d 1153, 1211 (D. Colo. 2016) (quoting *Rein v. U.S. Patent & Trademark Office*, 553 F.3d 353, 362 (4th Cir. 2009)).  Reasonably detailed "affidavits or declarations are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Sandy v. Exec. Office for U.S. Attorneys*, 170 F. Supp. 3d 186, 189 (D.D.C. 2016) (internal quotation marks omitted).  However, summary judgment is inappropriate "if the record leaves substantial doubt as to the sufficiency of the search." *Id.* (internal quotation marks omitted).

In this case, defendant has provided: (1) a declaration from Nishant Kumar ("Mr. Kumar"), an attorney with the Tax Division of the Department of Justice representing the IRS in this case, regarding information he conveyed to plaintiffs in connection with this case, *see* Docket No. 61-1; (2) a declaration from Helene R. Newsome ("Ms. Newsome"), an attorney in the Office of the Associate Chief Counsel of the IRS, attesting to the scope of the government's search for records in response to plaintiffs' FOIA requests, *see* Docket No. 61-2; and (3) a declaration from Melissa E. Avrutine ("Ms. Avrutine"), Ms. Newsome's supervisor in connection with this FOIA request, regarding the government's use of Exemptions 3 and 7(E).  *See* Docket No. 61-3. Defendant argues these documents are sufficient to show that the government "executed a search reasonably calculated to uncover all relevant documents."  Docket No. 61 at 17 (quotation marks and citation omitted).  Plaintiffs oppose defendant's summary judgment motion on the adequacy of the government's FOIA search, arguing

that (1) the affidavits are not entitled to a presumption of legitimacy due to evidence of bad faith and indications of overlooked materials; and (2) the IRS failed to search archive records.  Docket No. 62 at 22, 25.

Plaintiffs argue that the declarations are not entitled to a presumption of legitimacy due to evidence of delay and "positive indications of overlooked materials." *Id.* at 22 (quoting *Valencia-Lucerna v. U.S. Coast Guard*, 180 F.3d 321, 327 (D.C. Cir. 1999)).  Plaintiffs allege that the government's search was inadequate because (1) the administrative documents released were blank, duplicative, or already in plaintiffs' possession; (2) the government did not release any written policy statements regarding § 280E; and (3) the government failed to conduct an archive search.  *Id*. at 23-25.  The responsive documents the IRS provided to plaintiffs do not include a policy manual on the IRS's implementation of § 280E.  *See id.* at 23.  Plaintiffs argue that the IRS is improperly denying the existence of a § 280E manual and documentation regarding the "280E project."  *Id*. at 21.

### 1. Plaintiffs' Request for Additional Discovery

Plaintiffs argue that they are entitled to further discovery under Rule 56(d) because essential facts are unavailable to them.  Docket No. 62 at 19.  Fed. R. Civ. P. 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  "Discovery relating to the agency's search and the exemptions it

claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face, and a district court may forgo discovery and award summary judgment on the basis of submitted affidavits or declarations." *Trentadue*, 572 F.3d at 807. The district court enjoys discretion in the decision of whether to allow discovery in FOIA cases. *World Publ'g Co.*, 672 F.3d at 832.

In determining whether to grant further discovery, a court will first consider whether the agency submissions are adequate on their face. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812-13 (2d Cir. 1994). If the agency has satisfied this burden, the plaintiff must make a showing of bad faith "sufficient to impugn the agency's affidavits or declarations or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate." *Id.*; *see also Liverman v. Off. of Inspector Gen.*, 139 F. App'x 942, 945 (10th Cir. 2005) (unpublished) (citing this approach by *Carney* approvingly); *Rocky Mtn. Wild v. U.S. Bureau of Land Mgmt.*, 445 F. Supp. 3d 1345, 1352 (D. Colo. 2020) (following *Carney* approach). The agency submitted detailed declarations on the IRS's search that are adequate on their face. *See* Docket Nos. 61-1 to 61-3.

### a. Bad Faith

Plaintiffs point to the IRS's delay in producing documents responsive to their FOIA requests and to over 1600 pages that plaintiffs say are missing as evidence of the IRS's bad faith. Docket No. 62 at 22-23. The Court first discusses the argument about delay. "Courts routinely find that delays in responding to FOIA requests are not, in and of themselves, indicative of agency bad faith." *Skurow v. U.S. Dep't of Homeland Sec.*,

8

892 F. Supp. 2d 319, 366 (D.D.C. 2012); *see also Fischer v. U.S. Dep't of Justice,* 723 F. Supp. 2d 104, 108-09 (D.D.C. 2010) (rejecting argument that agency's failure to produce documents until after litigation commenced evidenced agency's bad faith); *Goland v. Cent. Intel. Agency*, 607 F.2d 339, 355 (D.C. Cir. 1978) ("[I]n view of the well-publicized problems created by the statute's 10- and 20-day time limits for processing FOIA requests and appeals, the [agency's] delay alone cannot be said to indicate an absence of good faith.") (footnote omitted)); *Knight v. Food & Drug Admin.*, 1996 WL 707020, at *2 (D. Kan. 1996) (agency delay in handling FOIA request was indicative of neglect rather than bad faith).

The parties dispute whether the IRS searched for documents prior to the commencement of this litigation.  The IRS states that it conducted searches for responsive records before and after litigation commenced, while plaintiffs argue that the IRS provided notices of extensions, but there is no evidence that any search was conducted prior to litigation.  *See* Docket No. 61 at 4, ¶ 4; Docket No. 62 at 6, ¶ 4.  The notices indicate that the IRS was considering the requests but was unable to meet the statutory deadline.  *See, e.g.*, Docket No. 62-3 at 1 ("I am unable to send the information you requested by March 1, 2018, which is the 20 business-day period allowed by law. . . .  To complete your request, I need additional time to search for, collect and review responsive records from other locations.").  Taking the facts in the light most favorable to plaintiffs, the IRS may not have conducted any searches prior to the commencement of ligation.  However, the Court finds this dispute to be immaterial, because even assuming the delay claimed by plaintiffs, it does not indicate bad faith

that would "impugn the agency's . . . declarations."  *See Carney*, 19 F.3d at 812-13.

Plaintiffs also point to 1,630 documents they claim that the IRS did not produce. Docket No. 62 at 23.  The parties' joint proposed scheduling order states that "the IRS has informally identified 4300 pages of responsive documents."  Docket No. 30 at 2. The IRS produced 2,670 pages of responsive records, leading plaintiffs to conclude that the discrepancy of 1,630 pages is evidence of bad faith.  Docket No. 62 at 23.  The IRS argues that the initial review found 4,300 documents that were culled down to 2,670 when they were reviewed for responsiveness.  Docket No. 63 at 18.  The allegedly missing documents were not produced as a result of the IRS's responsiveness review, which is an argument concerning the adequacy of the search.  The Court will consider this argument when it considers the adequacy of the IRS's search, but finds that the allegedly missing documents are not evidence of bad faith.  Because the Court finds that there is no evidence of bad faith, the Court denies plaintiffs' request for additional discovery pursuant to Rule 56(d).

### 2.  Administrative Documents

Plaintiffs object that the produced administrative documents were blank, duplicative, or released information the government knew plaintiffs were in possession of.  Docket No. 62 at 23.  Plaintiffs cite no support indicating that producing blank, duplicative, or already released documents shows that the search was inadequate.  The Court finds that the search for administrative documents was adequate.

### 3.  Policy Documents

The heart of plaintiffs' argument is that, because the government did not release

any policy statements regarding § 280E, the search must have been inadequate.  *See*

Docket No. 62 at 23.  Plaintiffs acknowledge that Ms. Newsome's declaration states

that the IRS does not have formal policy guidelines on the implementation of § 280E,[3]

but claims that plaintiffs' counsel has been informed by an unnamed  § 280E revenue

agent that there is in fact a manual detailing the procedures, rules, and policies

surrounding  § 280E.[4]  *Id.*

"Agency affidavits are accorded a presumption of good faith, which cannot be

rebutted by purely speculative claims about the existence and discoverability of other

documents."  *Trentadue*, 572 F.3d at 808 (quoting *SafeCard Servs., Inc. v. SEC*, 926

F.2d 1197, 1200 (D.C. Cir. 1991)).  Plaintiffs "may not rest on mere allegations or

denials of pleadings," but must instead "set forth specific facts establishing the

existence of a genuine issue."  *Schwarz v. Fed. Bureau of Investigation*, 161 F.3d 18

---

[3] Plaintiffs argue that if the Newsome Declaration is correct and there is no manual on the enforcement of § 280E, then the IRS has violated the Administrative Procedure Act ("APA").  Docket No. 62 at 24.  This case concerns the adequacy of FOIA disclosures.  Whether the IRS is in compliance with the APA is not an issue that is before the Court.

[4] Plaintiffs state that the IRS failed to inquire about the existence of a § 280E manual from IRS agent Brad Puskas and other § 280E revenue agents, who are the sources most likely to have this information.  Docket No. 62 at 15, ¶ 18.  The IRS submitted a supplemental declaration from Ms. Newsome wherein she states that Brad Puskas was asked to gather and provide any § 280E policy documents, but he could not locate any.  Docket No. 63-1 at 2, ¶ 6.  Although the government submitted the supplemental declaration from Mr. Newsome in conjunction with its reply brief, plaintiffs have not objected to the declaration or requested leave to file a surreply.  The Court will therefore consider the supplemental declaration in resolving defendant's summary judgment motion.  *See Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006) (district court did not abuse its discretion by considering summary judgment exhibits attached to the defendant's summary judgment reply brief where the plaintiff "had plenty of opportunity to seek leave of the court to file a surreply but never attempted to do so").

(Table), 1998 WL 667643, at *2 (10th Cir. 1998) (unpublished).  In *Schwarz*, the court held that the FBI's inability to locate three documents containing references to the plaintiff did not contradict the reasonableness of the FBI's search.  *Id.*  In *Meeropol v. Meese*, 790 F.2d 942, 953-54 (D.C. Cir. 1986), the court found that a search was not unreasonable simply because it did not produce documents that the plaintiffs strongly believed existed.  *Id.*  The court stated that the plaintiffs would have had to produce concrete evidence, not speculative assertions about the files that supposedly existed. *Id.*  Speculation is insufficient to create a genuine issue with respect to the adequacy of the search.  *Jordan v. U.S. Dep't of Justice*, No. 07-cv-02303-PAB-KLM, 2009 WL 2913223, at *18 (D. Colo. Sept. 8, 2009) (citing *Maynard v. Cent. Intel. Agency*, 986 F.2d 547, 560 (1st Cir. 1993)).

The issue is whether the declaration by James Thorburn ("Mr. Thorburn"), plaintiffs' counsel, amounts to more than speculation about the existence of a § 280E manual and other § 280E training materials used by the IRS.  *See* Docket No. 62-1. Mr. Thorburn states that Revenue Agents Tyler Pringle, Kelly Tipton, Rhonda Stoffel, Lynn Johnson, and Randy Miera attended a training session on enforcement of § 280E in March of 2016, but the IRS has not disclosed the training materials.  *Id.* at 2, ¶¶ 5-8. Mr. Thorburn states that one of the named agents informed him that a § 280E manual exists, it was created by Brad Puskas and Kelly Tipton, it is used by revenue agents for § 280E enforcement, and the IRS refuses to disclose it in order to keep its methodologies and procedures secret.  *Id.*, ¶¶ 9-10.

In *Carney*, the Second Circuit held that a Rule 56(d) affidavit alleging that the

agency failed to acknowledge the existence of "huge classes" of responsive records failed, despite purportedly being based on over one hundred interviews and significant academic research.  19 F.3d at 813.  The court stated that, while the evidence to support the Rule 56(d) affidavit need not be admissible at trial, the affidavit failed because it was devoid of any information identifying the people the affiant interviewed or the published sources relied on.  *Id.*

Mr. Thorburn has narrowed down the possible informers, but similarly has not identified who told him of the existence of the § 280E manual.  *See* Docket No. 62-1 at 2, ¶¶ 9-10.  As a result, plaintiffs have not provided "concrete evidence" of the existence of a § 280E manual.  *See San Juan Citizens All. v. U.S. Dep't of Interior*, 70 F. Supp. 3d 1214, 1218 (D. Colo. 2014) (agency affidavits are entitled to presumption of good faith "absent concrete evidence to the contrary").  Accordingly, plaintiffs have not made a showing of bad faith "sufficient to impugn the agency's . . . declarations."  *Liverman*, 139 F. App'x at 945; *see also Reynolds v. United States*, 350 F. App'x 474, 475 (2d Cir. 2009) (unpublished) (plaintiff's assertion that an employee told him documents sought in FOIA request existed was speculative and insufficient to rebut presumption of good faith of agency affidavits).  The Court finds that plaintiffs have not rebutted the presumption of good faith that attaches to agency declarations regarding a § 280E manual and training documents.

### 4.  1996 Inter-Agency Agreement

The Court next considers the 1996 inter-agency agreement.  Plaintiffs' FOIA requests sought information on the IRS's policy or regulations implementing a 1996

inter-agency agreement to "blunt" state marijuana legalization efforts.  *See* Docket No. 62 at 14, ¶ 15.  The Newsome Declaration states that Ms. Newsome contacted the Small Business/Self Employed ("SB/SE") Division, the Executive Secretariat Correspondence Office, and the Legislative Affairs Office and asked them to search for, *inter alia*, records reflecting IRS policy or regulations implementing the 1996 inter-agency agreement.  Docket No. 61-2 at 32, ¶ 149.  Ms. Newsome's contact at the SB/SE Division indicated that he had no knowledge of the 1996 memorandum or any records reflecting IRS policy or regulations about it and, if they existed, either he or the Office of the Director of the SB/SE Exam would have knowledge of them.  *Id.* at 33, ¶ 150.  The Office of the Director of the SB/SE Exam responded that it did not possess the records or have knowledge of them.  *Id.*  The branch chief in the Executive Secretariat Correspondence Office indicated to Ms. Newsome that any responsive records would either have been destroyed or transferred to the National Archives and Records Administration ("NARA").  *Id.* at 33-34, ¶ 151.  Ms. Newsome did not contact NARA.  *See id.*

Plaintiffs argue the search was inadequate because Ms. Newsome did not contact NARA.  Docket No. 62 at 25.   Plaintiffs claim that, citing *Valencia-Lucena*, 180 F.3d at 327, agency records at NARA are deemed to be maintained by the agency that deposited them there, and the IRS was thus required to search NARA records.  Docket No. 62 at 25.  However, there is a distinction between records that have been transferred to the legal custody of NARA and records that NARA is merely storing for an agency.  Title 36 C.F.R. § 1250.8(a) states that FOIA requests for records "that have

been transferred to the legal custody of the Archivist" are to be made to NARA, whereas § 1250.8(c) states that requests for records that an agency no longer needs in day-to-day business should be made to the agency because they remain in the legal custody of the agency.  36 C.F.R. § 1250.8(a), (c); *see Conway v. U.S. Agency for Int'l Dev.*, 99 F. Supp. 3d 171, 179 (D.D.C. 2015) (agency required to search for responsive records *stored* with NARA, but not responsive records whose legal custody has been transferred to NARA); *cf. Parker v. U.S. Dep't of Justice Exec. Off. for U.S. Att'ys*, 852 F. Supp. 2d 1, 9 (D.D.C. 2012) (denying summary judgment to agency where agency had not made it clear whether responsive records were transferred to NARA).  An agency is responsible for FOIA requests for records that "they have chosen to retain possession or control" over.  *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 151-52 (1980).

In this case, the Newsome Declaration states that any potentially responsive IRS high-level official correspondence regarding the 1996 inter-agency agreement would have either been destroyed or transferred to the physical and legal custody of NARA after ten years.  Docket No. 61-2 at 33-34, ¶ 151.  These potentially responsive documents at NARA thus fall into the § 1250.8(a) category, and the IRS was not required to search NARA records.  *See Bonaparte v. U.S. Dep't of Justice*, 2008 WL 2569379, at *1 (D.D.C. June 27, 2008) (agency not required to search for records that had been transferred to the National Personnel Records Center).  Accordingly, the IRS's failure to search NARA records does not make the search unreasonable.

The Court finds that the search conducted by the IRS was "reasonable in scope

and intensity." *See Trentadue*, 572 F.3d at 797.

### B.  FOIA Exemptions

Plaintiffs challenge the IRS's withholding of documents under FOIA Exemptions 3, 5, 6, 7(A), 7(C), and 7(E).  Docket No. 62 at 26.  An agency withholding responsive records "bears the burden of demonstrating that [those records] fall[] into one of [FOIA's] enumerated exceptions," which the Court construes "narrowly in favor of disclosure."  *World Publ'g Co.*, 672 F.3d at 826.

To substantiate its withholding under the FOIA exemptions, the IRS has produced a *Vaughn* index, "a compilation prepared by the [IRS] listing each of the withheld documents and explaining the asserted reason for its nondisclosure."  *Hull v. Internal Revenue Serv.*, 656 F.3d 1174, 1178 n.2 (10th Cir. 2011) (internal quotation marks and ellipsis omitted).  An agency's determination that particular documents fall within the scope of a FOIA exemption is generally accorded substantial weight if the agency's *Vaughn* index and accompanying declarations "are reasonably clear, specific, and detailed."  *Rocky Mountain Wild*, 138 F. Supp. 3d at 1223.  A *Vaughn* index is adequately detailed if it allows the Court "to determine whether a sufficient factual basis exists to support the agency's refusal to disclose the information at issue."  *Id.*

### 1.  FOIA Exemption 3

Exemption 3 permits an agency to withhold information that is "specifically exempted from disclosure by statute . . . if that statute (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue or (ii) establishes particular criteria for withholding or refers to particular types of matters to be

withheld." 5 U.S.C. § 552(b)(3).  Exemption 3 is less concerned with the contents of the specific documents than other exemptions; the issue to be decided "is the existence of a relevant statute and the inclusion of withheld material within the statute's coverage." *Al-Turki*, 175 F. Supp. 3d at 1174.

Plaintiffs object to the IRS's redaction of third-party tax return information and "feedback reports" on § 280E.  Docket No. 62 at 27-28.  The IRS argues that 26 U.S.C. § 6103 is an exempting statute within the meaning of FOIA and that tax return information is protected from disclosure under it.  Docket No. 61 at 21-22.  Plaintiffs respond that, while third-party tax return information is confidential, plaintiffs submitted authorizations allowing the release of their tax returns and the IRS has improperly redacted the tax returns that were authorized.  Docket No. 62 at 27.

Title 26 U.S.C. § 6103 is an exempting statute, *see Hull*, 656 F.3d at 1178, and plaintiffs do not argue otherwise.  *See* Docket No. 62 at 27.  The issue then is whether the statute covers the requested information.  Plaintiffs' contention is that the IRS redacted plaintiffs' information, not third party information.  *Id*.  Medicinal Oasis, LLC ("Medicinal Oasis") is a plaintiff in this case.  *See* Docket No. 1 at 1.  The information that plaintiffs point to is on a Medicinal Oasis lead sheet,[5] but relates to third parties.[6]

---

[5] Lead sheets are written records that support audit findings.  *See* Docket No. 61-2 at 42 n.13.

[6] Plaintiffs cite "Exhibit 13," identified as RR FOIA 000590-000593, as an example of the IRS withholding third party return information that actually pertains to Medicinal Oasis LLC.  Docket No. 62 at 27.  This exhibit is attached to plaintiffs' first, stricken, response to defendant's motion for summary judgment.  *See* Docket No. 55-15.  Exhibit 13 to plaintiffs' accepted response to defendant's motion for summary judgment is Docket No. 62-14, RR FOIA-002653.  Documents RR FOIA 000590-000593 are not attached to plaintiffs' response brief.  *See* Docket No. 62-1 to 62-14.

*See* Docket No. 55-15.  The lead sheet states that there "appear to be a number of entities which may or may not be related to the business activity," and lists Medicinal Oasis and then redacts the company names following Medicinal Oasis.  *Id.* at 2-3.  The IRS states that the redacted company names are third parties, Docket No. 63 at 15, and the Newsome Declaration demonstrates that the information was properly withheld because it pertained to third parties.[7]  *See* Docket No. 61-2 at 38, ¶ 173.

Plaintiffs further argue that the IRS improperly redacted "feedback reports" in their entirety, when the IRS should instead have redacted only taxpayer specific information.  Docket No. 62 at 28.  The feedback reports were related to § 280E enforcement.[8]  Docket No. 55-16.  Title 26 U.S.C. § 6103(b)(2) defines "return information" as

> a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense, . . . but such term does not include data in a form which cannot be associated with, or otherwise identify, directly or

---

[7] Plaintiffs also argue that, because the information of Medicinal Oasis was not redacted, it is unclear what third party information was redacted.  Docket No. 62 at 28.  The Court disagrees.  It is plain from the referenced lead sheet that the information redacted is the names of third party companies that may or may not be related to Medicinal Oasis's business activity.  *See* Docket No. 55-14.

[8] Plaintiffs once again cite an exhibit attached to their first stricken response to defendant's motion for summary judgment, and not an exhibit attached to plaintiffs' subsequent response.  *See* Docket No. 62 at 28 (citing Exhibit 14, which is Docket No. 55-16).

indirectly, a particular taxpayer.

26 U.S.C. § 6103(b)(2). In *Church of Scientology v. Internal Revenue Serv.*, 484 U.S. 9, 12, 18 (1987), the Supreme Court held that the phrase "but such term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer" does not mean that information that can be redacted of identifying information is no longer "return information." The Court held that "removal of identification from return information would not deprive it of protection under § 6103(b). Since such deletion would not make otherwise protected return information discloseable, [the IRS] has no duty under the FOIA to undertake such redaction." *Id.* at 18. Because the feedback reports were taxpayer specific, the IRS was under no duty to redact only the taxpayer specific information and instead was permitted to redact the documents in their entirety. *See id.* Accordingly, the Court finds that IRS has met its burden of showing that it properly withheld documents under Exemption 3.

### 2. *Exemption 5*

Exemption 5 exempts from disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption "protects documents that would be covered by any privilege that an agency could assert in a civil proceeding." *Trentadu*e, 501 F.3d at 1226. The deliberate process privilege applies to "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8

19

(2001).  Documents must be both predecisional and deliberative in order to meet the deliberative process privilege.  *Trentadue*, 501 F.3d at 1227.  To be deliberative, documents must be "prepared in order to assist an agency decisionmaker in arriving at his decision" and be comprised of opinions and recommendations, as opposed to purely factual material.  *Id.*

The IRS invokes the deliberative process privilege for documents regarding plaintiffs' pending civil audits, enforcement of the courts' decisions in ongoing cases to quash summonses, and the decision regarding the use of utilities as an indirect method of income estimation in audits of marijuana businesses.  Docket No. 61-2 at 39, ¶ 176. Plaintiffs argue that the IRS's description of the withheld documents is too generalized to meet the IRS's burden under Exemption 5.  Docket No. 62 at 31.

The IRS withheld pages 45-46, 47-48 191-196, 197, 198-200, 201, 202-203, 204-205, 206, 682-687, 688-689, 690-692, 693-694, 695, 696-697, 698, 840-845, 846, 847-849, 850, 851, 852-853, and 854 in full on the basis that these documents were written records that support audit findings and reflect the revenue agent's preliminary analysis and recommendations of the developing case.  Docket No. 61-2 at 42, ¶ 182(a).

The *Vaughn* index provided by defendant contains a description of every document withheld under the deliberative process privilege.  *See* Docket No. 61-1 at 12-14; *see also Info. Network For Responsible Mining*, 611 F. Supp. 2d at 1188 (a *Vaughn* index and supporting declarations satisfies an agency's burden under the deliberative process privilege "if they are detailed enough to permit the court to

determine whether a sufficient factual basis exists to support the agency's refusal to disclose the information at issue.") (internal quotation marks omitted)).  These documents are lead sheets.  Docket No. 61-2 at 42, ¶ 182(a).  Because the lead sheets are prepared to assist in an ongoing audit, they are pre-decisional and deliberative.

The IRS withheld pages 641-647 and 802-807 because they are letters regarding IRS counsel's recommendations to the Department of Justice regarding petitions to quash IRS summonses filed by certain plaintiffs.  *Id.*, ¶ 182(b).  The IRS states that the communications contain suggested legal arguments and defenses to the petitions to quash.  *Id.* at 41, ¶ 181.  Because that litigation is ongoing and the pages reflect opinions and recommendation regarding legal theories, they are pre-decisional and deliberative.  Additionally, the IRS withheld part of page 2384 because it was an email from an IRS attorney to a revenue agent regarding the appropriate course of action to take on an audit while a petition to quash the summons was pending in court.  *Id*. at 42, ¶ 182(d).  The email is deliberative because it expresses the attorney's thoughts and is predecisional because it was meant to help the revenue agent decide whether to disallow expenses while the quash petition was pending.[9]  *See* Docket No. 61-1 at 16 (*Vaughn* index); *see also Trentadue*, 501 F.3d at 1227 (predecisional memoranda are "prepared in order to assist an agency decisionmaker in arriving at his decision" (citation omitted)).

The IRS withheld page 1942 because it is part of the IRS's deliberations

---

[9] The IRS also withheld pages 641-647, 802-807, and 2384 under the attorney client privilege.  Docket No. 61-2 at 44, ¶¶ 186(b), (e).  Plaintiffs do not challenge the withholding of any documents under the attorney-client privilege of Exemption 5.  *See* Docket No. 62 at 28-31.

regarding the potential use of utilities as an indirect method of income estimation in marijuana business enforcement.  Docket No. 61-2 at 42, ¶ 182(c).  The IRS has not yet decided whether to employ this method of income estimation, making it pre-decisional.  The Court distinguishes between factual and deliberative materials, *Trentadue*, 501 F.3d at 1127, and finds that the handbook reflects deliberative materials because it pertains to IRS policy decisions.[10]

### 3.  Exemption 7

Exemption 7 exempts from disclosure

records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, . . . (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law . . . .

5 U.S.C. § 552(b)(7).

### a.  Exemption 7(A)

The IRS withheld pages 45-46, 47-48 191-196, 197, 198-200, 201, 202-203, 204-205, 206, 682-687, 688-689, 690-692, 693-694, 695, 696-697, 698, 840-845, 846, 847-849, 850, 851, 852-853, and 854 in full because they contain information on

---

[10] Plaintiffs argue that their request for "all written policy statements issued by IRS personnel regarding audits involving 26 U.S.C. §280E during the Spring of 2017" is post-decisional, but acknowledge that the IRS did not cite to the deliberative process privilege for withholding any policy documents.  Docket No. 62 at 30.  Additionally, plaintiffs do not identify any policy documents that were improperly withheld.  *Id.*  The Court therefore rejects this argument.

ongoing audits that would reveal the IRS's thoughts on the strengths and weaknesses of the cases.  Docket No. 61-2 at 46, ¶ 189(a).  The IRS withheld pages 2042-2043 in part because they are printouts from the IRS's integrated data retrieval system[11] ("IDRS") that would reveal the nature, scope, and direction of enforcement proceedings.  *Id.*, ¶ 182(b).  The IRS withheld page 2054 in part because it would reveal the nature, scope, and direction of enforcement proceedings.  *Id.*, ¶ 182(c).

Plaintiffs argue that the IRS's description of the withheld documents as "internal communications, activity logs and other database entries that contain information regarding the ongoing tax audits of the Plaintiffs" is too vague of a description to allow the Court to ascertain how the disclosure of the documents would interfere with an investigation.  Docket No. 62 at 32.

Exemption 7(A) has two requirements: (1) that the records information be compiled for law enforcement purposes; and (2) the production of such records or information could reasonably be expected to interfere with enforcement proceedings.  *See* 5 U.S.C. § 552(b)(7)(A).  Plaintiffs do not argue that the records were not complied for law enforcement purposes.  *See* Docket No. 62 at 31-33.  Instead, plaintiffs argue that, because plaintiffs seek the information in order to better comply with the law, the production of the records could not be reasonably expected to interfere with law enforcement proceedings.  *Id.* at 32.

In *Nat'l Labor Relations Bd. v. Robbins Tires & Rubber Co.*, 437 U.S. 214, 224

---

[11] The IDRS is the IRS's computer system, which maintains information on every taxpayer, including whether the taxpayer is under audit, and if so, the examination group assigned to the audit.  Docket No. 61-2 at 7 n.3.

(1978), the Supreme Court held that, under Exemption 7(A), "certain generic determinations might be made."  A court may conclude that the "categorical balance" favors finding that certain documents are within Exemption 7(A) without requiring document-by-document adjudication.  *Smith v. U.S. Immigr. & Customs Enf't*, 429 F. Supp. 3d 742, 764 (D. Colo. 2019) (citing *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 776 (1989)).  "[T]he likelihood of interference [is] readily apparent" when the "requested records relate to a specific individual or entity that is the subject of the ongoing investigation."  *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 746 F.3d 1082, 1098 (D.C. Cir. 2014); *see also Juarez v. U.S. Dep't of Justice*, 518 F.3d 54, 59 (D.C. Cir. 2008) ("[S]o long as the investigation continues to gather evidence for a possible future criminal case, and that case would be jeopardized by the premature release of that evidence, Exemption 7(A) applies.").  The withheld documents relate to the nature, scope, and direction of an ongoing audit.  The Court finds that this information provides enough detail for the Court to conclude that the documents are properly withheld under Exemption 7(A).  *See King v. U.S. Dep't of Justice,* 830 F.2d 210, 217 (D.C. Cir. 1987) ("[T]he agency affidavits describe the documents withheld and the justifications for nondisclosure in enough detail and with sufficient specificity to demonstrate that material withheld is logically within the domain of the exemption claimed.").  The records relate to specific entities under audit, making the likelihood of interference with law enforcement "readily apparent."[12]  *See Citizens for*

---

[12] Plaintiffs argue that they are seeking this information in order to better comply with the law, and argue that the IRS "should not be permitted to rely on FOIA Exemption 7(A) for its failure to make its administrative policies publicly available." Docket No. 62 at 32-33.  However, the documents withheld under Exemption 7(A) are

*Responsibility & Ethics in Wash.*, 746 F.3d at 1098.

### b. Exemption 7(C) and 7(E)

Exemption 7(C) allows an agency to withhold law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy" and Exemption 7(E) permits the withholding of law enforcement records that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(C), (E). The IRS withheld documents under both exemptions. Docket No. 61-2 at 46-47, ¶¶ 190-91. Plaintiffs do not contest the documents that the IRS withheld under these two exemption, but instead argue that neither exemption would permit the IRS to withhold the § 280E audit manual. Docket No. 62 at 33-34. However, the IRS did not claim to withhold the sought-after manual under an exemption – instead, the IRS states that its search did not locate any such manual. *See* Docket No. 61-2 at 11, ¶ 35. The Court has already determined that the IRS's search was reasonable despite the failure to locate a § 280E manual. Therefore, the Court rejects plaintiffs' argument.

### C. *In Camera* Review

Plaintiffs ask the Court to conduct an *in camera* review of the withheld documents. Docket No. 62 at 1. A district court has broad discretion in deciding whether or not to grant an *in camera* review. *Carter v. U.S. Dep't of Commerce*, 830

---

for the purposes of law enforcement and are not administrative policies. *See* Docket No. 61-2 at 46, ¶ 189(a)-(c). Accordingly, this argument is without merit.

F.2d 388, 392 (D.C. Cir. 1987).  "If the affidavits provide specific information sufficient to

place the documents within the exemption category, if this information is not

contradicted in the record, and if there is no evidence in the record of agency bad faith,

then summary judgment is appropriate without *in camera* review of the documents."

*Hull*, 656 F.3d at 1196 (quotation marks omitted).  A court should not conduct an *in

camera* review "as a matter of course, simply on the theory that it can't hurt."  *Id.*

(internal quotation marks omitted).  The IRS has provided specific information sufficient

to place the documents within the exemption categories, plaintiffs' arguments to the

contrary are unpersuasive, the information is not contradicted by the record, and the

Court has found that there is no evidence of bad faith.  Accordingly, the Court exercises

its discretion to deny plaintiff's request for an *in camera* inspection of withheld

documents.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's Motion for Summary Judgment by the Internal

Revenue Service [Docket No. 61] is **GRANTED**.  It is further

**ORDERED** that Plaintiffs' Rule 56(d) Motion and Response to IRS Motion for

Summary Judgment [Docket No. 62] is **DENIED**.  It is further

**ORDERED** that this case is closed..


DATED March 16, 2021.

BY THE COURT:


PHILIP A. BRIMMER
Chief United States District Judge